UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY HICKS,

      Plaintiff,

v.                                  Case No:   6:18-cv-803-Orl-41TBS

MS./MRS. SUKI,

      Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed without Prepaying Fees or Costs (Doc. 3). Also pending is Plaintiff's Motion to Amend his complaint (Doc. 5). For the reasons that follow, I respectfully recommend the Court accept the averments in the motion to amend, and combine them with the existing complaint, to form Plaintiff's amended complaint. I also recommend that Plaintiff's motion to proceed as a pauper be **DENIED;** and that his amended complaint be **DISMISSED** without further leave to amend.

Federal courts may allow an individual to proceed in *forma pauperis* if that person declares in an affidavit that he "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the court must review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2).

Paragraph (ii) of § 1915(e)(2)(B) authorizes dismissal of an indigent's case on the same terms as Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of cases in general–when the complaint "fails to state a claim on which relief may be granted."

Dismissal pursuant to § 1915(e)(2)(B)(ii) is governed by the same familiar standards that govern dismissal under Rule 12(b)(6). Thorpe v. Little, 804 F. Supp. 2d 174, 180 (D. Del. 2011).

Section 1915(e)(2)(B)(ii) and Rule 12(b)(6) test the sufficiency of the plaintiff's complaint. Because Rule 8(a)(2) requires a plaintiff to "show[]" that he is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007). To survive dismissal under § 1915(e)(2)(B)(ii) and Rule 12(b)(6), a plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In evaluating a plaintiff's complaint under this standard, the court must accept all well pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). See also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, pro se litigants must still conform their pleadings to the Federal Rules of Civil Procedure, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007), and the court will not "serve as de facto counsel for a party or ... rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v.

County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds* as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010).

Federal courts have "an independent obligation" in every case "to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question ("a civil action arising under the Constitution, laws, or treaties of the United States"), in which a private right of action has been created or is implied by Congressional intent. See 28 U.S.C. § 1331 and § 1332; Alexander v. Sandoval, 532 U.S. 275, 293 n.8 (2001).

In his original complaint (Doc. 1), Plaintiff alleged that he is a resident of Georgia and is suing "Ms./Mrs. Suki" and, according to the case style on his application, possibly an Econolodge Inn & Suites (Doc. 1 at 1, Doc. 3 at 1). Construed liberally, Plaintiff's complaint alleged that, while a guest at the Econolodge property, he was smoking. When this was discovered, Ms. Suki, the general manager of the property became "irate unprofessional and embarrassed me in front of other patrons." (Doc. 1 at 1). Ms. Suki was "rude and had no understanding." (Id.) She told Plaintiff the motel was a smoke free facility and he could pay a one hundred dollar deposit or leave. Plaintiff alleged that he was unaware of this and apologized (Id.) Plaintiff and his family left at 10 p.m., but Ms. Suki nonetheless billed Plaintiff's mother-in-law's credit card and "lied to corporate office." (Doc. 1 at 2). Plaintiff reimbursed his mother-in-law for the charge (Id.). He alleged that as

a result of this incident, he had to go to the emergency room for pancreatitis, dehydration and acute nausea and vomiting (Id.). Plaintiff also alleged that the trip home in the dark and the rain was confusing and unsettling for his children, and "the pain and suffering of my children and extended family was insurmountable." (Id.).

On review, I found for numerous reasons that this complaint failed to state a cognizable claim for relief within the jurisdiction of the Court (Doc. 4). Noting that a claim should not ordinarily be dismissed without at least one opportunity to amend, I deferred consideration of Plaintiff's motion to proceed *in forma pauperis*, and granted him leave to amend his complaint to remedy the deficiencies identified (Doc. 4 at 5). Plaintiff then filed an unsigned paper entitled "Motion to Amend" (Doc. 5), which I construe to be his amended complaint. Because leave to amend was already granted, the motion for leave to amend should be **denied as moot** because it seeks relief that has already been given.

On the merits, Plaintiff adds the following to his complaint: Ms./Mrs. Suki is now identified as "Suki Kaur." Additionally, Econolodge Inn & Suites is added as a co-defendant. The new allegations read, in their entirety:

> While a guest at Econolodge Inn & Suites, Plaintiff and several other patrons of different ethnic backgrounds were smoking (to wit-video surveillance). Plaintiff being of African-American decent was single[d] out by general manager Ms./Mrs. Suki Kaur, hereinafter Defendant and she became irate unprofessional and embarrassed Plaintiff, his wife and his children in front of other patrons and was rude and had no understanding towards Plaintiff's plea of forgiveness for the unknown smoking policy.
>
> Plaintiff, his wife and children were forced to leave in inclimate weather at night. The stress of the situation caused Plaintiff to seek medical attention.
>
> Plaintiff prays that this Honorable Court will grant him relief as it sees fair and just for his family and that punitive damages also be awarded as this Honorable Court sees fair and just.

(Doc. 5).

Plaintiff has not plausibly pled a federal cause of action. Based on the new reference to his race, it may be that Plaintiff is attempting to allege that Defendants' conduct constituted discrimination in public accommodations under 42 U.S.C. § 1981, which grants every person the same right to "make and enforce contracts ... as is enjoyed by white citizens." 42 U.S.C. § 1981(a). The rights enumerated in § 1981 are "protected against impairment by nongovernmental discrimination." Id. § 1981(c). The Eleventh Circuit has explained that the elements of a § 1981 claim include "(1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." Allen v. CLP Corp., 460 F. App'x 845, 847 (11th Cir. 2012).   It may also be that Plaintiff is attempting to allege a claim under Title II of the Civil Rights Act of 1964, 42 U.S.C. §2000a.  To establish a claim under Title II, a plaintiff must show that he (1) is a member of a protected class; (2) attempted to contract for services and afford himself the full benefits and enjoyment of a public accommodation; (3) was denied the full benefit or enjoyment of a public accommodation; and (4) such services were available to similarly situated persons outside his protected class who received full benefits or who were treated better. Solomon v. Waffle House, Inc., 365 F. Supp. 2d 1312, 1331 (N.D. Ga. 2004). At the pleading stage, "a complaint need only 'provide enough factual matter (taken as true) to suggest intentional race discrimination.'" Sorkon v. STK Orlando, LLC, No. 617CV1809ORL22DCI, 2018 WL 1871448, at *3 (M.D. Fla. Apr. 18, 2018) (internal citations omitted).

Here, Plaintiff has pled no plausible facts to suggest the necessary racial animus. He alleges that he was smoking; the hotel had a no smoking policy; he was given the

option under the policy to pay a hundred dollar deposit or leave; and he left. The additional allegation that he is African American and was smoking along with others of "different ethnic backgrounds," without more, is not sufficient to raise a plausible inference that race was the reason he was "singled out." In fact, Plaintiff's initial complaint did not mention race at all. Nor is his curt reference to being "singled out" sufficient to plausibly allege the existence of non-African Americans who were allowed to smoke on the property in violation of the smoking policy but without consequence. Plaintiff has also affirmatively pled the existence of a non-discriminatory reason for Defendants' conduct in being asked to pay a deposit or leave. There is no allegation that could support a finding that this reason (violation of the no smoking policy) was not legitimate (i.e., there was no such policy) or that application of this policy was a pretext for racial discrimination. Consequently, Plaintiff has failed to "allege facts adequate to raise his right to relief above a speculative level." See, generally, Buchanan v. Delta Air Lines, Inc., No. 17-13452, 2018 WL 1719019, at *2 (11th Cir. Apr. 9, 2018). No federal question is presented on the facts alleged.

As for diversity jurisdiction, the citizenship of all parties is not stated and there are no allegations that support a finding of the required amount in controversy. As a result, the complaint, as amended, cannot stand and the motion to appear as a pauper is without merit.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

(1) Plaintiff's motion to amend be **denied, as moot** and his motion to proceed *in forma pauperis* be **denied.**

(2) Plaintiff's amended complaint be **dismissed, without leave to further amend**;
and

(3) That this case be **closed**.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 25, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Unrepresented Parties
Any Counsel of Record

- 7 -